## Spring Steel Fence & Wire Company v. City of Anderson et al.

[No. 4,795.   Filed January 7, 1904.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessment of Property by Common Council Not Assessed by Commissioners.*—Where in a street improvement proceeding under §3623a *et seq.* Burns 1901, the commissioners in their first report described and reported as affected by the improvement two lots owned by plaintiff, not adjoining the street to be improved, and, at the hearing assessed the entire cost of the improvement upon the abutting property, and no part thereof against plaintiff's property, an assessment thereafter made by the common council against plaintiff's said property, under a notice "to the property owners on Fourteenth street * * * affected by the construction of said street" was illegal, and the assessment made against such property was invalid.

From Madison Circuit Court; *J. F. McClure*, Judge.

Action by the Spring Steel Fence & Wire Company against the city of Anderson and another. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

*F. E. Holloway* and *E. R. Call*, for appellant.
*B. H. Campbell, M. A. Chipman, S. M. Keltner* and *E. E. Hendee*, for appellees.

BLACK, J.—The common council of the city of Anderson, one of the appellees, having ordered an improvement of Fourteenth street from Jackson street westward to Madison avenue, in that city, and having contracted with Charles H. Daniels, the other appellee, for the making of

the improvement by him, and the completion and the cost thereof having been reported to the common council, and the matter having been referred by the common council to the city commissioners, they met and viewed the real estate which they deemed to be affected by the improvement, and thereafter filed with the city clerk their written report, describing therein the several parcels of real estate which they deemed affected by the improvement, and stating the names of the owners thereof.   In this, their first report, the commissioners described, and reported as affected by the improvement, two certain lots owned in fee simple by the appellant, not adjoining the improved street, but situated about 150 feet south of it, and bounded on the north by an intervening alley, and on the west by Dolman street, and on the east by another alley, and stated the name of the appellant as that of the owner thereof.   He did not own, and never owned or was interested in any real estate contiguous to Fourteenth street.   Thereafter, the council, having fixed November 22, 1901, 10 o'clock a. m., as the time, and the city council chamber as the place, when and where the city commissioners would again meet, gave two weeks' notice in the Anderson Herald, purported to be given by order of the common council and signed by the city clerk, as follows:  "Notice to Property Owners on Fourteenth Street.   Notice is hereby given to the property owners on Fourteenth street, from Jackson street to Madison avenue, that the city commissioners of the city of Anderson, Madison county, Indiana, did, on the 4th day of November, 1901, file with the common council of said city their first report in the matter of the improvement of Fourteenth street from Jackson street to Madison avenue, setting forth the names of lot owners affected by said improvement.   Said report was, on motion, placed on file, and the city clerk ordered to give legal notice of the time and place of meeting of the said city commissioners for the purpose of assessing the benefits against each lot

er parcel of land occasioned by said improvement. Now, therefore, you are hereby notified that the said city commissioners will meet at 10 o'clock a. m. on Friday, November 22, 1901, in the city council chamber in said city, where and at which time you and each of you are required to appear and be heard thereon, or the matters and things in said improvement will be heard and determined in your absence. Names of property owners." Here followed in the notice a long list of many names, among them that of the appellant.

At the meeting of the city commissioners so announced the appellant, by its attorney, appeared specially, and to them orally denied the sufficiency of this notice, and denied the jurisdiction of the commissioners over the appellant and its real estate under the notice, and denied their right to assess its property. Thereupon the commissioners determined and found that the lots, lands, and parcels of ground abutting immediately on each side of Fourteenth street, and no other, were benefited, and that such benefits were equal in amount to the total cost of the improvement; and pursuant to such finding and determination the commissioners thereupon assessed the entire cost of the improvement against the lots and parcels of ground immediately abutting on Fourteenth street; and they assessed no part of the costs nor any benefits against and no damages in favor of the appellant or its real estate. The commissioners made a written report of this their assessment to the common council, December 2, 1901, which contained no assessment against the appellant or its real estate, and no assessment was ever made or reported to the council by the commissioners against the appellant or its real estate.

The common council gave notice by publication in the Anderson Herald on December 5 and 12, 1901, as follows: "Notice to Property Owners. For approval of final report of city commissioners. Notice is hereby given to property owners on Fourteenth street, from Jackson street west to

Madison avenue, affected by the construction of said street from the point above named to Madison avenue, that the city commissioners of the city of Anderson, Indiana, did, on the 2d day of December, 1901, file their final report of assessment of benefits against each lot and parcel of land liable for the payment of said improvement. The time for the approval or modification of said report was fixed by said common council for Monday, December 16, 1901, at 7:30 o'clock p. m., in the council chamber, and the city clerk was directed to file ten days' notice that all parties interested in said report and assessment appear at said time and place and be heard thereon, if they desire, or the matters and things in said improvement will be heard and determined in their absence. By order of the common council." Signed by the city clerk.

At the meeting held pursuant to this notice the council, by resolution, without any other notice to the appellant, amended the final report of the commissioners by making an assessment of $125 against the appellant's real estate, that sum to become a lien thereon, as a part of the cost of the improvement.

In a paragraph of complaint setting forth the foregoing facts, in substance, to which a demurrer for want of sufficient facts was sustained, the appellant sought the canceling and setting aside of the assessment and lien and the quieting of its title.

The case involves a consideration of portions of an act of 1901 (Acts 1901, p. 534, §3623a *et seq.* Burns 1901). It is provided (§3623c) in relation to the first action to be taken by the city commissioners that they shall meet and shall proceed to view the lots, lands, and parcels of ground affected by the improvement, and that within fifteen days thereafter they shall file with the city clerk their written report, describing therein each lot, tract of land, or parcel of ground benefited or damaged by the improvement, together with the name of the owner thereof,

It is then provided that the common council at its next meeting shall fix a time and place when and where the city commissioners will meet again to assess the costs of the improvement upon the property benefited thereby in proportion to the benefits derived therefrom, but not in excess of such benefits, and that the city clerk shall give notice by two weeks' publication, once a week, in a newspaper of general circulation printed and published in the city, "of the time and place of the meeting of such city commissioners, and shall state in said notice the name of each person whose property has been reported as benefited or damaged by said improvement." The city commissioners are to take notice of the time and place of this second meeting, and to meet without further notice. It is provided: "All persons shall have the right to appear before such commissioners at such time and place and have a hearing as to the benefits or damages to their respective lots, tracts of land or parcels of ground." Provision is made whereby the commissioners may include in their assessment of benefits or damages property not included in their report above mentioned. The commissioners, it is next provided, shall make a written report of their assessment of benefits and damages to the common council, and that all persons owning lots, tracts of land, or parcels of ground reported as benefited or damaged shall take notice of the filing of such report, and shall have the right to appear before the common council and have a hearing thereon.

In the next section (3623d) it is provided that within twenty days after the filing of the report of the assessment of benefits or damages by the city commissioners the common council shall act upon that report at a meeting of which ten days' notice shall be given by publication in a newspaper of general circulation in the city, setting forth the location and terminal points of the improvement and the date of the filing of the commissioners' report, and reciting the time and place at which the council will meet for

the purpose of confirming or modifying the assessment made by the commissioners, and that any person interested may appear thereat and make objection to such confirmation or modification; and it is provided that at such meeting the council shall give opportunity for hearing to all parties interested "as to any objection they may have to such assessment," and may approve the report as filed, or may change or amend the report as to the assessment of property; and that the adoption of the report, as made by the city commissioners, or as changed and amended by the common council, shall constitute the assessment of benefits or damages. It is also provided that after the assessments, "as herein provided," have been made by the common council, no suit shall lie to enjoin or restrain the collection thereof, and the validity of such assessment shall not be "questioned except on appeal as hereinafter provided for."

In the next section (3623e), provision is made for an appeal by any person owning any lot, tract of land, or parcel of ground, who is required to file a statement of his grievances, limited to the following: "(1) That the proceedings for said improvement are invalid. (2) That the benefits assessed to his or her property are too high or damages too low. (3) That the benefits assessed to his or her property are too high in proportion to the benefits assessed against other property similarly situated."

This attack is not based upon any of the grievances for which an appeal is thus prescribed. It is an attack questioning the validity of an assessment, and it therefore will not lie if the assessment was made by the common council substantially as provided in the statute.

The assault is made upon the one assessment on the ground of want of jurisdiction to make it acquired as provided in the statute. The argument has been directed in part to the form of the notices above set forth in so far as they purport to be addressed to the owners of property on

Fourteenth street, the property of appellant not being on that street. The notices contained, in substance, all the matters which the statute requires such notices to contain, and we would not be inclined to hold the irregularity so suggested by counsel to be so material a matter as wholly to invalidate the assessment in question, though upon this·matter we are not required, for the disposal of this case, to decide. The purpose of the special appearance of the appellant before the city commissioners was .substantially accomplished. The commissioners made no assessments except upon property bordering upon Fourteenth street. In the written report to the common council made by the commissioners the property of the appellant was not reported as benefited or as damaged.

The notice of the meeting of the council for the consideration of the report of the assessments must set forth the location and terminal points of the improvement and the date of the filing of the commissioners' report of assessments, and must recite the time and place of the meeting of the council for the purpose of confirming or modifying the assessment made by the commissioners, and that any person interested may appear thereat and make objection to such confirmation or modification. It was not required that this notice should contain any mention of particular lots, tracts of land, or parcels of ground, or should state the names of any owners thereof.

At the meeting of the city commissioners for the purpose of making the assessments, it is provided by the statute, all persons have the right to appear and have a hearing as to the benefits or damages to their respective lots, tracts of land, or parcels of ground. At the meeting of the common council for the purpose of "confirming or modifying the assessment made by such commissioners," the council is required to give opportunity for hearing to all persons interested "as to any objection they may have to such assessment."

Spring Steel Fence & Wire Co. *v.* City of Anderson.

Special provision is made whereby the commissioners, met for the making of assessments, may assess property not included in their first report, after service by the city marshal of a notice issued by the city clerk to the owner of such omitted property; but no similar provision is made authorizing the common council to include property not assessed by the commissioners, but all persons owning property reported as benefited or damaged are required to take notice of the filing of the assessment report of the commissioners, and are given the right to appear before the council and have a hearing thereon.   The appellant was not such an owner.

Considering the statute in all its provisions and comparing the provisions with each other, we are of the opinion that it does not contemplate the assessment by the common council of property not reported assessed by the city commissioners.

When the appellant succeeded in having its property omitted by the commissioners from their report of assessments, it was not bound to take further notice of the proceeding, and, looking at the statute in all its parts, the notice given of the meeting of the council for the consideration of the matter of the assessment can not be regarded as intended by the legislature as a notice to the appellant on which to base an assessment by the council against the appellant's property not included in the assessment report of the commissioners.   If this be a correct view of the statute, the common council had not jurisdiction to make the assessment in question, and it was not made as provided in the statute.   Therefore the court erred in sustaining the demurrer to the appellant's second paragraph of complaint.

Judgment reversed.